IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS PITTS,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-54-NJR |
| **DAN SPROUL, C. DAVIS, KATHY HILL, N. SIMPKINS, FNU HARMON, S. WALLACE, and J. LECLAIR,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Demetrius N. Pitts, an inmate of the Federal Bureau of Prisons ("BOP") who is incarcerated at the United States Penitentiary – Marion ("USP – Marion"), filed this action seeking damages and injunctive relief for the denial of an Islamic prayer schedule and religious materials (Doc. 1). His Complaint alleges claims under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.* (Doc. 10).

This matter is before the Court on Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 19). On August 26, 2022, Pitts was provided notice of the motion and the deadline for filing a response (Doc. 20). He also was warned that a failure to respond could amount to an admission of the facts of Defendants' motion (Doc. 20). *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts). As of this

date, Pitts has failed to file a response.

## BACKGROUND

On January 12, 2022, Defendants removed this action from the Circuit Court of the First Judicial Circuit, Williamson County, Illinois (Doc. 1). Pitts was allowed to proceed on the following two counts:

> Count 3:   Religious Freedom Restoration Act ("RFRA") claim against Defendants for money damages for denying Pitts access to a prayer schedule and religious materials.
>
> Count 4:   Religious Freedom Restoration Act ("RFRA") claim against Defendants for injunctive relief for denying Pitts access to a prayer schedule and religious materials.

(Doc. 10, p. 3).

Specifically, Pitts's Complaint alleged that he was a Sunni Muslim who was housed in USP-Marion's Communications Management Unit Special Housing Unit ("CMU SHU") (*Id*. at p. 2). He was not allowed property in the CMU SHU, including his watch, which prevented him from performing the required five prayers a day for his religion (*Id*.). He was also denied requests for religious materials, including his Holy Quran, prayer rug, and alarm clock from his personal property (*Id*.). He alleged that because he lacked items required by his religion and even a way to tell time so that he could pray at the required times, the practice of his religion was burdened.

On August 26, 2022, Defendants filed a motion for summary judgment on the issue of exhaustion (Doc. 19). They argued that Pitts failed to file any administrative remedies regarding his religious claims. He only had one administrative remedy on file, which was about his medical treatment and a request for transfer (Docs. 19-1, pp. 3-4, 7). Pitts failed

to respond to the motion, despite time and notice to do so.

## LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* (emphasis added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Seventh Circuit set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id*. at 742.

### B. Administrative Exhaustion in the BOP

Pitts is an inmate who is in BOP custody. His status as an inmate subjects his claims to the Prison Litigation Reform Act (PLRA). To exhaust administrative remedies at USP-Marion, federal prisoners must use the BOP's Administrative Remedy Program described in 28 C.F.R. §§ 542.10-.19, along with institution specific supplemental

procedures. In its normal course at USP-Marion, the grievance process involves four steps:

**Step 1:** The inmate must attempt informal resolution. 28 C.F.R. § 542.13. At USP-Marion, this means addressing the issue with the inmate's counselor and completing an informal resolution form, called a BP-8;

**Step 2:** If informal attempts do not resolve the grievance, the inmate must submit a formal Administrative Remedy Request on a BP-9 form within 20 calendar days of the event or injury giving rise to the complaint. 28 C.F.R. § 542.14;

**Step 3:** If the inmate is not satisfied with the Warden's response to the Administrative Remedy Request, the inmate may appeal the Warden's decision to the appropriate Regional Director using a BP-10 form submitted within 20 calendar days of the Warden's response date. 28 C.F.R. § 542.15;

**Step 4:** If the inmate remains dissatisfied with the Regional Director's response to the appeal, the inmate may appeal once more to the BOP General Counsel using a BP-11 form submitted within 30 calendar days of the Regional Director's response. 28 C.F.R. § 542.15. An appeal to the BOP General Counsel is the final step in the administrative review process, and the inmate's remedies are deemed exhausted when he receives a response from the BOP General Counsel or upon the expiration of the General Counsel's response time (Doc. 19-1, p. 3).

## ANALYSIS

Simply put, Pitts failed to exhaust his administrative remedies before filing suit. A review of the submitted administrative records demonstrate that Pitts filed only one administrative remedy at Marion, a remedy regarding medical treatment and a request for transfer (Doc. 19-1, p. 7). There are no other remedies on file, and Pitts has not pointed to any remedies which would include the religious claims that make up his Complaint.

Accordingly, the Court finds that Pitts failed to exhaust his claims prior to filing suit.

## Conclusion

For the reasons stated above, Defendants' motion for summary judgment (Doc. 19) is **GRANTED**. As there are no remaining claims, the Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   November 4, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**